# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Jason Bingham (R-23138), | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 15 C 11740 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| | ) | |
| Jennifer Baker, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

In response to the Court's show cause order [6], the plaintiff provided a plausible and reasonable explanation for this failure to list all of his litigation history on the complaint form [7]. The rule to show cause is therefore discharged. The plaintiff is on notice that should he fail to list his full litigation history in any complaint he files with this Court in the future, that complaint will be summarily dismissed. The Clerk is directed to (1) file the complaint [1]; (2) dismiss defendants Phillips, Correct Care Solutions, and Will County from this case; (3) issue summonses for service of the complaint on defendants Baker, Okeze, and Josephson, and (4) send the plaintiff a copy of this order and three blank USM-285 forms. The Court advises the plaintiff that he must complete a USM-285 form for each the defendants. The Marshal will not attempt service on a defendant unless and until the required form is received. The U.S. Marshal is appointed to serve defendants Baker, Okeze, and Josephson. The plaintiff's motion for recruitment of counsel [4] is granted. Michael Joseph Cucco of Cassiday Schade, LLP, 20 N. Wacker, Suite 1040, Chicago, IL 60606-2901, (312) 641-3100, mcucco@cassiday.com, is recruited to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). Counsel may choose to proceed on the complaint on file or file an amended complaint by June 15, 2016. A status hearing is set for July 7, 2016, at 9:15 a.m. The Clerk is directed to send a copy of this order to: (1) the plaintiff and (2) Mr. Cucco.

## STATEMENT

The plaintiff, Jason Bingham, currently incarcerated at Stateville Correctional Center, is a former inmate of Will County Correctional Center. He brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional violations by Will County Adult Detention Facility staff, medical staff, and his public defender. Currently before the Court are the plaintiff's complaint for initial review under 28 U.S.C. §§ 1915(e)(2) and 1915A(a),and motion for attorney representation.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen a pro se prisoner's complaint and dismiss the complaint, or any claims therein, if the Court determines

that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

The complaint here alleges that upon his admission to the Will County Adult Detention Facility (hereinafter the "WCADF" or "facility") in 2015, the plaintiff advised the facility staff that he needed his prescription eye glasses but did not have them with him. He also told the staff that he was prohibited by court order from contacting his mother, who was in possession of his glasses. At some point during his incarceration, the plaintiff asked his criminal defense attorney, assistant public defender Michael Phillips, to retrieve his glasses from his mother. The attorney did not do so.

Sometime after his admission to the WCADF (the complaint does not say when), the plaintiff was examined by Nurse John, an employee of Correct Care Solutions, the private third-party provider of healthcare services at the facility. The plaintiff explained to John that "a few years back" he had undergone eye surgery. John administered an eye examination, which the plaintiff "failed." John informed the plaintiff that he would follow-up with him regarding treatment, but never did. Without his glasses, the plaintiff suffered from headaches, blurry vision, and "soreness to the eyes." In addition, the 17-hour per day illumination of his cell and the day room exacerbated the plaintiff's pain. The pain was so severe that the plaintiff resorted to covering his eyes and sleeping during the daytime "to avoid the constant illumination." The lighting, which was "very bright with a very strong glare," also caused the plaintiff to suffer "sleep issues" and an "aggravation of some of the mental health issues [he] already face[d]." The length of time the cell and day room were lit was set by WCADF policy.

The plaintiff sought medical care for his eyes multiple times. He also filed numerous complaints through the facility's grievance process about his need for prescription glasses and the strong lighting in his cell and the day room. The medical staff did not provide the plaintiff

with prescription eye glasses or other relief for his pain and the plaintiff's grievances were denied. In addition, due to WCADF policy the plaintiff was not allowed to cover the lighting in his cell.

The complaint asserts federal constitutional claims for inadequate medical treatment against Michael Phillips, Jennifer Baker, Dr. Okeze, Correct Care Solutions, Warden Brad Josephson, and Will County. Baker is employed by Correct Care Solutions and is the facility's health care administrator. In that senior role, Baker "oversees [the] decisions, poli[cies] and action[s]" of the "medical staff" on a "daily" basis and also serves as the "director of health care policies" at WCADF. Dr. Okeze, a physician employed by Correct Care Solutions, is "one of the overseer[s] of . . . health care decisions and policies" at WCADF, as well as a "top medical examiner on a daily" basis at the facility. The plaintiff also asserts constitutional claims for inhumane conditions of confinement against Warden Josephson and Will County relating to the strong and constant illumination. For the following reasons, the plaintiff may proceed on claims against defendants Baker, Okeze, and Josephson. The claims against the remaining defendants are dismissed.

Because Plaintiff was a pretrial detainee while incarcerated at WCADF, his claims for inadequate medical care and inhumane living conditions arise under the substantive component of the Fourteenth Amendment's Due Process Clause. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244-45 (1983) ("The Due Process Clause . . . require[s] the responsible government or governmental agency to provide medical care to" pretrial detainees); *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002) ("It is well-established that, while in the custody of state or local authorities, a pretrial detainee must be afforded certain protections under the Fourteenth Amendment"). A pretrial detainee's Fourteenth Amendment due process rights to medical care and humane conditions of confinement are "at least as great as the Eighth Amendment protections available to a convicted prisoner." *City of Revere*, 463 U.S. at 245; *see also Jackson*, 300 F.3d at 764-65. However, because the Supreme Court has not yet determined what standard, exactly, should be applied to pretrial detainees, *see City of Revere*, 463 U.S. at 245 (declining to "define [the defendant's]. . . due process obligation to pretrial detainees"), courts in this circuit "frequently turn to the analogous standards of Eighth Amendment jurisprudence." *Jackson*, 300 F.3d at 765 (citing *Higgins v. Correctional Med. Servs. of Ill., Inc.,* 178 F.3d 508, 511 (7th Cir.1999)).

Prison staff "violate the Eighth Amendment's proscription against cruel and unusual punishment when they display 'deliberate indifference to serious medical needs of prisoners.'" *Greeno v. Daley,* 414 F.3d 645, 652 (7th Cir.2005) (quoting *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)). In addition, prison officials may not deliberately ignore a prison condition that presents an objectively, sufficiently serious risk of harm. *See Farmer v. Brennan,* 511 U.S. 825, 832-34 (1994) (noting that inmates are entitled to reasonably adequate shelter); *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (the Eighth Amendment requires that prisoners not be deprived of the "minimal civilized measures of life's necessities"). A prisoner who alleges deliberate indifference by prison officials faces a two-part hurdle. First, he must plausibly allege that his medical need or the risk of harm he faced was "'objectively, sufficiently serious.'" *Id.* (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (internal quotation marks omitted)). A medical condition is objectively, sufficiently serious if it "has been diagnosed by a physician as

mandating treatment" or "is so obvious that even a lay person would perceive the need for a doctor's attention." *Id.* Second, the plaintiff prisoner must plausibly allege that the officials knew of and disregarded the medical need or risk of harm. *Id.* (citing *Farmer,* 511 U.S. at 837).

As an initial matter, the Court dismisses from this action the plaintiff's former criminal defense attorney, Michael Phillips. Although a government employee, public defender Phillips is not a state actor for purposes of Section 1983, and therefore is not a proper defendant. *See McDonald v. White*, 465 F. App'x 544, 548-49 (7th Cir. 2012) ("[A] court-appointed public defender is not a state actor, and thus cannot be sued under 42 U.S.C. § 1983) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981)). The claims against Phillips are dismissed with prejudice.

The individual capacity claims against Baker and Okeze may go forward. Liberally construed, the complaint adequately alleges a serious medical need to which Baker and Okeze were deliberately indifferent. Prior to his incarceration, the plaintiff was diagnosed by a healthcare professional as needing corrective lenses and was prescribed glasses. In addition, the plaintiff suffered from severe headaches and blurry vision when unable to use his glasses. Those physical effects were exacerbated by prolonged exposure to fluorescent lights. At this early pleadings stage, the Court finds that the plaintiff's eye-related medical needs appear to have been objectively and sufficiently serious. *See Steele v. Uchtman*, No. 06-313-MJR, 2007 WL 2225912, at *1 (S.D. Ill. Aug. 1, 2007) (prisoner, for whom eye glasses were prescribed and who suffered "extreme headaches from eye strain" when not using glasses, adequately alleged a serious medical need). Second, the complaint adequately alleges that Baker and Okeze knew of and disregarded the plaintiff's need for medical attention. Although Baker and Okeze served as senior medical officials, the complaint alleges that they oversaw the day-to-day operations of the healthcare team at the prison. That allegation suggests both their personal involvement in the deprivation as required under Section 1983 and their knowledge and disregard of the plaintiff's medical needs. *See Duncan v. Duckworth*, 644 F.2d 653, 656 (7th Cir. 1981) (permitting prisoner's claim against prison medical administrator because the court could infer his personal involvement in the inadequate medical care); *Steele*, 2007 WL 2225912, at *1 (prisoner adequately alleged defendants' deliberate indifference to his medical need for eye glasses).

However, the complaint fails to state claims against Baker and Okeze in their official capacities and, necessarily, against Correct Care Solutions. The official capacity claims against Baker and Ozekee are essentially claims against Correct Care Solutions. *See Sharif v. Ghosh*, No. 12 C 2309, 2014 WL 1322820, at *3 (N.D. Ill. Apr. 1, 2014) (official-capacity claims against Wexford director was claim against Wexford Health Sources). In evaluating Section 1983 claims against private healthcare vendors such as Correct Care Solutions, courts in this circuit apply the "policy and custom" standard enunciated in *Monell v. Dep't Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). *See Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010) (applying *Monell* standard to jail healthcare provider). Correct Care Solutions, in other words, will be liable for its employees' acts if "they represent [the company's] own policy." *Olive v. Wexford Corp.*, 494 F. App'x 671, 672 (7th Cir. 2012). To state a claim against Correct Care Solutions, the plaintiff must therefore "identify [a] concrete policy" or custom that caused the constitutional violation; he cannot rely solely on a conclusory policy allegation. *Id.* at 673. The plaintiff alleges that Correct Care Solutions is liable because it "condoned" a "substandard medical policy . . . that violated" his constitutional rights. This conclusory policy allegation is not supported by a more specific allegation identifying a discrete policy that is causally linked to

the deficiencies and delays in the plaintiff's medical treatment. The plaintiff may not therefore proceed on his official capacity claims against Correct Care Solutions.

The official capacity claims against Warden Josephson may go forward. "A suit against a governmental officer in his official capacity is really a suit against the entity of which the officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Franklin v. Zaruba*, 150 F.3d 682, 684 n.2 (7th Cir. 1998). Thus, Plaintiff's claims against Warden Josephson in his official capacity are claims against the Will County Sheriff's Office.[1] The Sheriff's Office is a suable entity. *See DeGenova v. Sheriff of DuPage Cty.*, 209 F.3d 973, 976 n.2 (7th Cir. 2000) (in Illinois, a sheriff's office is a suable entity). To recover under Section 1983 against a municipal defendant, such as the Sheriff's Office here, a plaintiff "must show that his injury was the result of the municipality's . . . official policy or custom." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) *citing Monell v. Dep't of Social Servs. of City of New York,* 436 U.S. 658, 690–91 (1978). The complaint in the present case identifies WCADF policies relating to lighting and links those policies to the plaintiff's inability to gain relief from his pain and from sleep and mental health issues. It further alleges that, through the plaintiff's grievances, the prison officials were aware of the problems but did nothing. *See Vasquez v. Frank*, 209 F. App'x 538, 541 (7th Cir. 2006) (prisoner stated Eighth Amendment claim against prison officials where he alleged that the officials ignored his complaint that "the constant illumination in his cell aggravated his mental illness, caused him headaches, and prevented him from sleeping"). Although further investigation may belie the plaintiff's allegations regarding the frequency or level of lighting, Josephson must answer the complaint.

The complaint does not state a claim against Will County. The plaintiff does not identify a county policy or custom plausibly linked to his inadequate medical care or the harsh and constant lighting. The claims against Will County are therefore dismissed. *See Vines v. Beth*, No. 14-CV-279, 2014 WL 2110024, at *2 (E.D. Wis. May 20, 2014) (dismissing county jail inmate's medical care claim against county because there was "no indication [in the complaint] that the plaintiff's claims were the result of a county custom, policy, or practice").

Nothing in this order, which is based on preliminary review of the complaint, precludes any legal argument that the defendants may advance in response to the plaintiff's allegations.

The Court directs the Clerk of Court to issue summonses for service of the complaint on defendants Baker, Okeze, and Josephson. The Clerk of Court is directed to mail the plaintiff three blank USM–285 (U.S. Marshals service) forms. The Court advises the plaintiff that a completed USM–285 form is required for each defendant. The U.S. Marshal will not attempt service on a defendant unless and until the required form is received. The plaintiff must therefore complete and return a service form for each defendant, and failure to do so may result in the dismissal of the unserved defendant, as well as dismissal of this case for lack of prosecution.

The Court appoints the U.S. Marshals Service to serve defendants Baker, Okeze, and Josephson. The Court directs the U.S. Marshal to make all reasonable efforts to serve the

---

[1] The Court takes judicial notice of the fact that the WCDAF is run by the Will County Sheriff. *See* https://www.willcosheriff.org/adult-detention.

defendants. The Marshal is authorized to send a request for waiver of service to the defendants in the manner prescribed by Federal Rule of Civil Procedure 4(d)(2) before attempting personal service.

The plaintiff's motion for recruitment of counsel [4] is granted. Michael Joseph Cucco of Cassiday Schade, LLP, 20 N. Wacker, Suite 1040, Chicago, IL 60606-2901, (312) 641-3100, mcucco@cassiday.com, is recruited to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). Counsel may choose to proceed on the complaint on file or file an amended complaint by the above-specified date.

Date: 4/15/2016                                             Judge ROBERT W. GETTLEMAN